IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY P. PURDY, | ) | 8:14CV240 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, PUBLIC DEFENDER'S OFFICE, CITY OF OMAHA, MARK FOXHALL, DOUGLAS COUNTY, JOHN HUBBARD, DOUGLAS COUNTY COURT, JOHN M. FRIEND, TRAVIS WAPPLER, MARK MANCUSSO, OMAHA POLICE DEPARTMENT, JEFFREY DAVIS, COS, FRANCIS LIDDICK, and CORBET, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Anthony Purdy ("Plaintiff") filed his Complaint (Filing No. 1) in this matter on August 15, 2014. Thereafter, he filed a pleading supplementing his Complaint. (Filing No. 6.) This court has given Plaintiff leave to proceed in forma pauperis in this matter. (Filing No. 10.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  SUMMARY OF COMPLAINT

Plaintiff is incarcerated in the Douglas County Correctional Center in Omaha, Nebraska. His list of Defendants is difficult to decipher. As best as the court can tell, Plaintiff has named eight individuals—Mark Foxhall, John Hubbard, John Friend, Travis Wappler, Mark Mancusso, Jeffrey Davis, Francis Liddick, and Corbet—and

also the State of Nebraska, the Douglas County Public Defender's Office, the City of Omaha, Douglas County, the Douglas County Court, and the Omaha Police Department. (Filing No. 1 at CM/ECF p. 1.)

Plaintiff set forth numerous unrelated allegations in his Complaint and supplemental pleading. He alleged:

- Plaintiff was denied due process at his preliminary hearing because he received the ineffective assistance of counsel (*id.*),
- Plaintiff was held in jail for five days even though his "time was over [in] 3 days" (*id.*),
- police failed to charge Plaintiff's alleged victim with false reporting (*id.* at CM/ECF pp. 1-2),
- Douglas County officials assaulted him and failed to give him medical treatment (*id.* at CM/ECF p. 2),
- Foxhall, Hubbard, medical staff, and others "pass[ed] the buck" by not allowing his grievances to be heard (*id.* at CM/ECF p. 3),
- jail officials failed to provide him with meals "according to institutional meal portion size of ACA accredit[ed] facility" (*id.*),
- jail officials served him "Kool Aid that eats holes in [his] cup" (*id.*),
- on September 2, 2014, Plaintiff was served a piece of cake that looked like a bite had been taken out of it and spit on the tray (Filing No. 6-1 at CM/ECF p. 1),
- jail officials refuse to serve Plaintiff a tray made according to the religious diet of Muslims (*id.* at CM/ECF pp. 1-2), and
- jail staff refuse to provide him with food he can consume in light of his irritable bowel syndrome and H-pylori stomach bacteria (*id.* at CM/ECF p. 2).

As relief in this matter, Plaintiff asks for dismissal of the criminal charges pending against him, suppression of his alleged victim's statements to police, and his

2

immediate release from jail. (*See generally* Filing No. 1.) He also asks the court to order jail officials to provide him with medical treatment and meals that comply with his religious diet. (*See generally* Filing No. 6-1.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint does not comply with general rules of pleading or the rules concerning the proper joinder of defendants. In addition, Plaintiff's Complaint asserts various challenges to his ongoing criminal proceedings. On the court's own motion, Plaintiff will be provided with an opportunity to file an amended complaint.

#### A. Rules of Pleading

Plaintiff named 14 parties as the defendants. Most of these parties are never mentioned within Plaintiff's factual allegations. In order to ensure a just and fair resolution of this matter, Plaintiff should be mindful to explain in his amended complaint what *each* defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

#### B. Rules of Joinder

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to

4

"drop a party" or "sever any claim against the party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Here, allowing this case to proceed against all Defendants—many of which appear to be sued based on unrelated events—would create a significant case management problem and unduly prejudice Defendants. Thus, Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from the same basic events or occurrences. Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

### C. Challenges to Ongoing Criminal Proceedings

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings. See *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint or supplemental pleading. Thus, Plaintiff is advised that the court will not interfere with, or intervene in, Plaintiff's ongoing criminal proceedings.

IT IS THEREFORE ORDERED that:

5

1.      Plaintiff shall have 30 days in which to file an amended complaint. As set forth above, Plaintiff's amended complaint must:

   a.      explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and

   b.      set forth only related claims that stem from the same basic events or occurrences.

In addition, Plaintiff is again warned that if his amended complaint sets forth unrelated claims, and the court decides severance of the claims is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions and **he will be required to pay a separate filing fee for each separate action**.

2.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 13, 2015: Check for amended complaint.

3.      The court will conduct further review of Plaintiff's amended complaint, should he file one, to determine whether summary dismissal of the amended complaint is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

DATED this 13th day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.